**Joseph Bakhos, Esq.**
**State Bar Number: 327036**
17221 E. 17th St., Ste #F
Santa Ana, CA 92705
Telephone: [714]- 617-5868
Email Address: jbakhoslaw@yahoo.com
Attorney for Plaintiff,
ADAM GHADIRI

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GHADIRI, | **Case No.: 8:21-cv-01751-CJC-DFM** |
| Plaintiff, | **RESPONSE TO ORDER TO SHOW CAUSE WHY THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER THE UNRUH ACT; STATEMENT OF DAMAGES; AND STATEMENT REGARDING PLAINTIFF AND PLAINTIFFS COUNSEL'S STATUS AS "HIGH-FREQUENCY LITIGANTS"** |
| vs. | |
| EVERY DAY HAPPY DAY OUTLET, a business entity; YOUNG HONG, an individual; MELAMED RUBEN TR, a trust; | |
| Defendants | |

Plaintiff ADAM GHADIRI responds to the current order to show cause why the court should exercise supplemental jurisdiction over the Unruh Act and should not be dismissed. Additionally, Plaintiff, through Plaintiffs counsel has made declarations regarding Plaintiff and Plaintiff's Counsels status as "high-frequency litigants"

1. Plaintiff was discriminated against by Defendants O EVERY DAY HAPPY DAY OUTLET, a business entity; YOUNG HONG, an individual; MELAMED RUBEN TR, a trust, because of his disability. Defendants failed to provide an accessible parking. Plaintiff is a California resident with physical disabilities. He suffers from severe arthritis in his knees and back.  He has been diagnosed with spinal stenosis and myelopathy (nerve damage). He has

**RESPONSE TO ORDER TO SHOW CAUSE**

- 1 -

difficulty walking and uses a cane and a wheelchair for long distance mobility. He suffers daily with pain that requires him to take pain medication.  He has a California driver's license and drives for business activities and for his household errands. Plaintiff has a California handicap parking placard that is prominently displayed in his vehicle.

2.     Pursuant to Cal. Civ. Code §51(b)  all persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

3.     This Court has supplemental jurisdiction over the Unruh Act claim pursuant to 28. U.S. Code § 1367 as it is related to the Americans Disabilities Act, 42 U.S. Code § 12101 et seq. as alleged in the Complaint. ("…in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.")

**DAMAGES**

4.     For damages under the Americans with Disability Act and/or the Unruh Civil Rights Act where applicable, which statutes provide for actual damages and a statutory minimum of $4,000 per violation. If the Plaintiff cannot recover under both Unruh and ADA, simultaneously, an election will be made prior to or at trial, at an appropriate stage in these legal proceedings.

5.     For damages for general negligence, in the amount of at least minimal amounts of damages allowed by applicable statutes, or alternatively $4,000, plus $400 filing fee, $100

process service, and reasonable attorney fees, the exact amount to be determined at trial.

**HIGH-FREQUENCY LITIGANT**

6.     Plaintiff ADAM GHADIRI is a high frequency litigant in cases involving construction-related accessibility claims.

7.     Plaintiff's Attorney Joseph Bakhos, Esq., is not considered a high frequency litigant in cases involving construction-related accessibility claims because he has not represented as attorney of record 10 or more high-frequency litigant plaintiffs.

8.     Plaintiff ADAM GHADIRI is considered high frequency litigants within the meaning of Cal. Civ. Proc. Code § 425.55(b)(1) in that he has filed 10 or more complaints alleging a construction-related accessibility claim's.

9.     Nonetheless, Plaintiff and Plaintiff's Counsel is respectfully requesting the court to exercise supplemental jurisdiction so as to save time and money for both sides of this lawsuit.

Dated:   11-08-2021

_____
Joseph Bakhos
Attorney for Plaintiff

**RESPONSE TO ORDER TO SHOW CAUSE**

- 3 -

## DECLARATION OF PLAINTIFF'S COUNSEL

I, Counsel for Plaintiff, declare as follows.

1.     The foregoing facts demonstrate that Defendants EVERY DAY HAPPY DAY OUTLET, a business entity; YOUNG HONG, an individual; MELAMED RUBEN TR, a trust, violated rules of the ADA accessibility by failing to comply with applicable standards according to the rule of ADA (Americans with Disabilities Act).

2.     Plaintiff ADAM GHADIRI is a high frequency litigant in cases involving construction-related accessibility claims.

3.     I, Plaintiff's Attorney Joseph Bakhos, Esq., am not considered a high frequency litigant in cases involving construction-related accessibility claims because I have not represented as attorney of record 10 or more high-frequency litigant plaintiffs.

4.     Plaintiff ADAM GHADIRI is considered high frequency litigants within the meaning of Cal. Civ. Proc. Code § 425.55(b)(1) in that he has filed 10 or more complaints alleging a construction-related accessibility claim's.

I declare under penalty and perjury that the foregoing is true and correct.

Executed on November 08, 2021.

Joseph Bakhos
Attorney for Plaintiff

**RESPONSE TO ORDER TO SHOW CAUSE**

- 4 -

# DECLARATION OF PLAINTIFF

I, ADAM GHADIRI, declare as follows.

5.     I am the plaintiff in this action. If called as a witness, I could and would competently testify thereto.

6.     I am a California resident with physical disabilities. I suffer from severe arthritis in his knees and back.  I have been diagnosed with spinal stenosis and myelopathy (nerve damage). I have difficulty walking and use a cane for long distance mobility. I suffer daily with pain that requires him to take pain medication.

7.     I went to EVERY DAY HAPPY DAY OUTLET in April 2021 to inquire as to services. I was unable to easily access the business parking at defendant EVERY DAY HAPPY DAY OUTLET due to there not being a designated handicap spot.

8.     Defendants EVERY DAY HAPPY DAY OUTLET et al. violated rules of the ADA accessibility by failing to comply with applicable standards according to the rule of ADA (Americans with Disabilities Act).

9.     I, ADAM GHADIRI am considered high frequency litigants within the meaning of Cal. Civ. Proc. Code § 425.55(b)(1) in that I have filed 10 or more complaints alleging a construction-related accessibility claim's.

//

//

//

//

10.     I personally encountered violations of applicable legal obligations and standards, that prevented me from full and equal access to convenient, safe, adequate and appropriate parking.

I declare under penalty and perjury that the foregoing is true and correct.

Executed on ⁱ⁄ 8/2)                                _____

                                                                    ADAM GHADIRI
                                                                    Plaintiff